IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MILTON EARL MCFARLANE,

     Plaintiff,

v.                                  CASE NO. 5:10-cv-00223-SPM-GRJ

BENNY R INGRAM, et al,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed an amended complaint against Jackson Correctional Institution[1] Benny R. Ingram, a correctional officer, alleging that Ingram falsified evidence against Plaintiff in relation to a disciplinary report (DR). As relief the Plaintiff requests the Court to examine the evidence against him and the violations committed by Defendant Ingram and dismiss the DR. (Doc. 8).

## I. Standard of Review

A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Cobb v. Florida, 293 Fed. Appx. 708 (11th Cir. 2008) (applying Twombly to a prisoner's *pro se* complaint brought under 42 U.S.C. §1982 and dismissed pursuant to 28 U.S.C.

---

[1] Despite the fact that Plaintiff previously was advised that the institution should be deleted as a defendant because it is not a "person" for purposes of bringing suit for civil rights violations under 42 U.S.C. §1983, (see Doc. 6), Plaintiff has again named the CI as a defendant.

§1915A). "The Supreme Court's most recent formulation of the pleading specificity

standard is that 'stating such a claim requires a complaint with enough factual matter

(taken as true) to suggest' the required element." Watts v. Florida International

University, 495 F.3d 1289, 1295 (11th Cir. 2007) (*quoting* Twombly, 127 S.Ct. at 1965).

This standard simply calls for enough facts to raise a reasonable expectation that

discovery will reveal evidence of the required element. Twombly, at 1965. In reviewing

the dismissal of a complaint under the 28 U.S.C. 1915A(b)(1), this court accepts

allegations in the complaint as true, and *pro se* pleadings are liberally construed. Brown

v. Johnson, 387 F.3d 1344, 1350 (11th Cir.2004).

## II. Analysis

Federal courts do not operate as appellate courts for prison disciplinary actions.

The only claims viable in this Court concerning a disciplinary report (DR) are claims

asserting procedural violations, such as the denial of witnesses or evidence, the failure

by the prison to give the inmate advance written notice of the disciplinary charge, or the

failure to provide an impartial hearing board. Wolff v. McDonnell, 418 U.S. 539, 563-67

(1974); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999), *citing* Young v. Jones, 37

F.3d 1457 (11th Cir. 1994); Terrelonge v. Wells, Case No. CV-309-071, 2010 WL

23055 at *2 (S.D. Ga. January 4, 2010). Insofar as Plaintiff complains about allegedly

fabricated evidence against him, the Supreme Court has held that the degree of proof

required at a prison disciplinary hearing is significantly lower from that required in a

criminal prosecution, and a decision need only be supported by "some evidence." See

Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 455-56

(1985) (federal courts will not re-weigh the evidence, assess the credibility of the

witnesses, or otherwise make a *de novo* review of the proceedings); see also Young,

*supra* at 1460 (federal courts do not conduct *de novo* review of disciplinary team's fact

finding).

Prior to filing an amended complaint, Plaintiff was instructed on this law and told

that based upon the facts as alleged he had not asserted any procedural violations in

relation to this DR. (See Doc. 6). In his amended complaint, Plaintiff adds to his original

claim the allegation that on the night of the incident he did not have his glasses with him

when Defendant Ingram asked him to sign what he thought was a property form.

Plaintiff alleges, however, that he was told after the fact that this was the notice of the

charge. Plaintiff admits that after he signed the notice Defendant Ingram told him what

he had signed and that he was being charged with having a homemade handcuff key.

The purpose of the advance notice requirement is to allow the prisoner sufficient time to

challenge the action being proposed and to understand the nature of the charges

against him. Vitek v. Jones, 445 U.S. 480, 492-93 (1995). Thus, the purpose of

advance notice was met in that Plaintiff was fully advised of the charge sufficiently in

advance of the hearing to gather evidence and witness statements before the hearing

held on April 5, 2010.[2] Accordingly, there are no procedural issues raised by these

additional facts.

Another fact added in the amended complaint is the allegation that a photograph

of the handcuff key on Plaintiff's bunk was presented at the hearing, but that it was "a

copy of a picture copy," presumably making it less reliable evidence. This fact, too, fails

---

[2] The DR and Hearing Information Report are attached to the original complaint.
(Doc. 1).

to raise a procedural issue under <u>Wolff</u> and the cases cited *supra*. Regardless of the quality of the pictures or who presented them, the picture constitutes "some evidence" to support the finding that the handcuff key was in Plaintiff's room.

Despite these additional facts, Plaintiff admits in the amended complaint that he was allowed a witness statement from cell mate Brian Robinson at the disciplinary hearing. Further, as disclosed in the Hearing Information Report, Plaintiff was present at the hearing and made a statement to the hearing team that he did not have a handmade handcuff key. Presumably, Plaintiff's statement before the hearing team included the arguments presented before this Court that the charge and the evidence supporting it were fabricated, although the entirety of his statement is not included in the hearing report. Nonetheless, it is evident that Plaintiff was given an opportunity to address the charges against him.

A challenge in federal court to disciplinary proceedings is limited to whether a prisoner has been afforded with procedural due process in the conduct of the hearing, Accordingly, the Plaintiff having been instructed on those procedural issues and having failed to allege in his second amended pleading any facts demonstrating that his procedural due process rights were violated, the amended complaint should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the amended complaint (doc. 8) be **DISMISSED** for failure to state a claim for relief.

At Gainesville, Florida, this 24th day of November 2010.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.